UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRANDILYN RAE COX,              )
                                )
        Plaintiff,               )
                                )
v.                              )    No. 3:15-CV-37-TRM-DCP
                                )
SITEL OPERERATING CORPORATION,   )
                                )
        Defendant.               )

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 24].

Now before the Court are two Joint Motions for Approval of Compromise and Settlement [Docs. 21, 27] and an Unopposed Motion for Leave to File Document Under Seal [Doc. 22] ("Motion to Seal"). Accordingly, for the reasons more fully stated below, the undersigned **RECOMMENDS** that the first Joint Motion [**Doc. 21**] and the Motion to Seal [**Doc. 22**] be **DENIED AS MOOT** and that the second Joint Motion [**Doc. 27**] be **GRANTED**.[1]

**I.    BACKGROUND**

The Court will first summarize the allegations set forth in the Complaint and then turn to the parties' Joint Motions.

---

[1] Although the Court recommends granting the Motion, the undersigned observes that the settlement paperwork states, "Cox filed a lawsuit in the United States District Court for the *Middle* District of Tennessee." [Doc. 29 at 1] (Emphasis added).

A.     **Complaint**

Plaintiff filed suit [Doc. 1] on January 23, 2015, alleging violations of the Fair Labor Standards Act ("FLSA").  Specifically, the Complaint alleges that Defendant failed to pay Plaintiff the required minimum wage rate and that Defendant failed to pay her at time and one-half her regular rate of pay for hours worked over forty in a week.  [Doc. 1 at ¶ 2].  The Complaint alleges that Plaintiff worked for Defendant as a reporting analyst and that her primary duties consisted of submitting IT ticket requests to a client server, uploading completed ticket results to an internal server, responding to email and chat messages, transferring data from various files to other files, uploading data received by email to internal servers, and uploading internal data to client servers.  [*Id.* at ¶¶ 11-12].  The Complaint alleges that Plaintiff was paid a set weekly amount for the work that she performed and that she earned the same amount of pay each week regardless of how many hours she worked.  [*Id.* at ¶¶ 13-14].  The Complaint sets forth Plaintiff's job duties that she allegedly did not perform and states that her job duties did not fit under any exception to the overtime pay provisions of the FLSA.  [*Id.* at ¶¶ 15-29].  The Complaint avers that Plaintiff was a non-exempt employee under the FLSA.  [*Id.* at ¶ 30].  The Complaint alleges that Defendant's violation of the FLSA was willful and that it did not act in good faith or have reasonable grounds to believe that the FLSA was not applicable.  [*Id.* at ¶ 35].  The Complaint requests that the Court award Plaintiff all amounts of wages, including overtime wages, liquated damages, reasonable costs, and attorney's fees.  [*Id.* at 5].

B.     **Joint Motion for Approval of Compromise and Settlement [Doc. 21]**

On September 14, 2017, the parties filed a Joint Motion for Approval of Compromise and Settlement [Doc. 21].  Defendant also filed a Motion to Seal [Doc. 22] the settlement agreement.  The Joint Motion explains that Plaintiff filed a Chapter 7 bankruptcy petition in the United States

Bankruptcy Court in the Eastern District of Tennessee and that W. Grey Steed (hereinafter, "Trustee") was appointed to oversee and administer the bankruptcy estate. The parties agreed to settle the FLSA lawsuit for a total amount of $85,000.00, which would be paid to the Trustee. The settlement agreement also provided that Plaintiff was liable for federal, state, or other taxes that she may owe as a result of such payments made pursuant to the settlement agreement.

The Court scheduled a motion hearing for November 20, 2017. Attorney Austin Simmons was present on behalf of Plaintiff, and Attorney Andrew S. Naylor was present on behalf of Defendant. During the hearing, the Court expressed concerns regarding the settlement agreement. For instance, the Court noted that under the terms of the settlement agreement, the Trustee would receive the entire amount of the settlement funds, but Plaintiff would be liable for the taxes. The Court observed that the settlement agreement would essentially put Plaintiff in a worse position had she not filed the case. The Court also observed that Plaintiff did not sign the settlement agreement and that the parties did not sufficiently explain how they arrived at the settlement amount. The Court further inquired as to whether there is a conflict of interest with Plaintiff's counsel representing the Trustee. At the hearing, the parties agreed to submit briefing on the issues raised by the Court and to redraft the settlement agreement to alleviate the above concerns.

On June 19, 2018, the Court held a telephonic hearing to inquire as to the parties' progress on the redrafted settlement paperwork. Attorneys Austin Simmons and Jonathan Street appeared on behalf of Plaintiff. Attorney Andrew Naylor appeared on behalf of Defendant. Attorney Brenda Brooks appeared on behalf of the Trustee. The parties reported to the Court that Plaintiff would not sign the settlement agreement and that the parties had to petition the bankruptcy court for guidance. The parties stated that the bankruptcy court entered an order, providing that the

3

Trustee has the authority to settle and compromise the FLSA suit. The Court instructed the parties to submit their brief and their settlement agreement by July 9, 2018.

### C. The Joint Motion for Approval of Compromise and Settlement [Doc. 27]

On July 9, 2018, the parties filed a Joint Motion for Approval of Settlement Agreement [Doc. 27]. The Joint Motion states that the parties conducted a significant investigation of the facts and law during the litigation. The parties explain that their investigation included the exchange of information pursuant to discovery, the production of documents, and researching all applicable law. The parties participated in a mediation on July 27, 2016, which did not result in a settlement agreement, but the parties were able to make considerable progress on negotiations. The parties state that on September 30, 2016, Plaintiff filed a Chapter 7 bankruptcy petition, wherein the Trustee was appointed to oversee the bankruptcy estate. The parties explain that given the bankruptcy proceeding, they were forced to place a hiatus on the settlement discussions that had been ongoing.

The parties state that on November 23, 2016, the Trustee filed an application with the bankruptcy court to employ Plaintiff's counsel for the purpose of pursing the wage claim on behalf of the bankruptcy estate. No objections were filed, and the bankruptcy court entered an order approving Plaintiff's counsel to pursue the FLSA action. Following the approval, the parties resumed their settlement negotiations through a mediator and were able to reach an agreement shortly thereafter. The parties submitted their FLSA settlement agreement to the bankruptcy court for approval. The parties state that no objections were filed and that the bankruptcy court approved their settlement agreement.[2] Subsequently, on June 7, 2018, the bankruptcy court entered an Order

---

[2] The parties attached the Order Approving Settlement [Doc. 28-3], which was filed on August 10, 2017, as an exhibit to the instant Motion.

4

[Doc. 28-1], setting forth findings to assist in this Court's approval of the FLSA settlement agreement.

The parties state that with the assistance of the mediator, they were able to reach an agreement that Defendant would pay a total of $85,000.00 to settle this case. Pursuant to the terms of the settlement agreement, the Trustee will receive two checks on behalf of the bankruptcy estate: (1) one check in the amount of $12,465.51, representing unpaid wages, and (2) another check in the amount of $37,396.55, representing liquidated damages. The parties submit that the Trustee will receive a total of $49,862.06, and any taxes owed by the bankruptcy estate will be paid by the Trustee on behalf of the estate. Further, the parties explain that the Trustee will receive a third check on behalf of Plaintiff's counsel in the amount of $35,137.94, which represents attorney's fees in the amount of $33,241.37, and expenses in the amount of $1,896.57. The parties state that Plaintiff's counsel was employed pursuant to a contingency agreement.

The parties submit that approval of the settlement agreement is appropriate. First, the parties state that the settlement agreement was reached through an arm's-length negotiation. Specifically, the parties explain that they conducted extensive discovery and exchanged damages calculations based on a wide variety of potential outcomes and scenarios. The parties state that they exchanged offers and counter-offers, offered competing interpretations of the case law, and actively debated the numerous issues presented in this case. Further, the parties state that they utilized the services of an experienced and competent mediator to assist in the resolution process.

In addition, the parties submit that the complexity, expense, and likely duration of the litigation favor approving the settlement agreement. The parties explain that the case involves significant bona fide legal and factual disputes and that a finding of liability would not guarantee a large recovery. The parties state that they dispute whether Plaintiff is exempt under the FLSA.

5

Case 3:15-cv-00037-TRM-DCP   Document 30   Filed 08/10/18   Page 5 of 12   PageID #: 104

In addition, Defendant contends that Plaintiff's salary covered all hours worked at straight time, and therefore, any possible recovery should be calculated at half-time. The parties state that the costs of litigating this lawsuit would have been significant, given the potential attorney's fees, number of witnesses and depositions, and experts needed to analyze Defendant's data in an attempt to verify hours actually worked.

The parties continue that the stage of proceedings and the amount of discovery completed also favor approving the settlement agreement. The parties state that they conducted significant discovery that helped them assess the legal and factual merits and risks attendant to the claim. Further, the parties contend that there are a number of different legal and factual factors that are in dispute. The parties state that, for instance, they dispute whether Plaintiff was exempt from overtime under the administrative exemption to the FLSA. Specifically, Plaintiff contends that her primary job duties did not involve the exercise of discretion and independent judgment as required for the exemption to apply, but Defendant argues otherwise, stating that Plaintiff's position required data analysis and discretion. The parties state that they recognize that the Court could decide the administrative exemption either way.

The parties state that they also explored the range of possible recovery in this case. The parties submit that even if Plaintiff were successful in arguing that the administrative exemption did not apply, she would still have to demonstrate as follows: (1) the number of hours she worked each week during the relevant time period; (2) the method of calculating any overtime damages; (3) whether liquidated damages would apply; and (4) whether Defendant was willful in violating FLSA.

The parties further explain that one of the main points of contention was the number of hours Plaintiff worked from home. The parties state that because Defendant did not maintain time

records, there is no official record of the hours that she worked. Plaintiff alleges to have kept an activity log, providing that she worked on average nineteen hours of overtime each week, but Defendant disputes the accuracy of Plaintiff's log and whether she performed work continuously during the time she claimed to have worked. Further, the parties state that they dispute how overtime damages would be calculated. Defendant argues that the fluctuating workweek would apply, resulting in an application of only half-time of her regular rate of pay for overtime damages. Plaintiff insists otherwise, stating that she would be entitled to time and one-half of her regular pay. The parties submit that the Sixth Circuit has not definitely ruled on the retroactive calculation of damages in a miscalculation case. In addition, the parties also dispute the calculation of Plaintiff's regular rate of pay and how many hours her salary intended to cover, whether liquidated damages would apply, and whether the two-year or three-year statute of limitations would apply.

The parties state that, in sum, given the wide range of possibilities, Plaintiff's estimated damages could extend from $0.00 to $139,276.53. The parties agree to settle for $85,000.00, of which $49,862.06 will constitute Plaintiff's portion. The parties state that this amount equals a recovery that represents more than all of Plaintiff's estimated hours worked at a rate of one-half her regular rate of pay as devised by dividing her weekly salary by 40, plus liquidated damages over three years.

Counsel for the parties opine that this settlement agreement represents a fair and reasonable compromise. In support of their opinion, they explain that Plaintiff was earning approximately $37,000.00 per year and that she left her employment with Defendant in 2015. The parties further state that Plaintiff's counsel representation of the Trustee is appropriate. The parties submit that Plaintiff filed a voluntary bankruptcy petition on September 30, 2016, in the midst of ongoing litigation and settlement negotiations, and that Plaintiff's overtime claim against Defendant

7

became property of her bankruptcy estate.  The parties explain that under 11 U.S.C. § 704(a)(1), the Trustee is responsible for pursuing Plaintiff's overtime claim and that 11 U.S.C. § 327(e) permits the Trustee to employ counsel for such purpose.  The parties state that the bankruptcy court approved Plaintiff's counsel's representation of the Trustee without objections.

The parties further submit that it is in the best interest for Plaintiff's counsel to represent the Trustee because counsel is experienced in handling wage and hour claims and counsel was involved in the litigation for nearly two years prior to Plaintiff's bankruptcy filing.  The parties submit that they were close to reaching a settlement when Plaintiff filed for bankruptcy and that employing other counsel would certainly have incurred more fees.  The parties state that the bankruptcy court routinely permits a trustee to employ debtor's counsel for practical reasons, such as enabling a case to continue seamlessly and avoiding attorney's liens.  Finally, the parties state that the Trustee has the ability to settle a claim subject to the approval of the bankruptcy court.

The parties have filed the FLSA settlement agreement [Doc. 29] in support of their Motion.

## II.     ANALYSIS

The Court has reviewed the history of this case, along with the parties' filings as set forth above.  As an initial matter, and as explained above, the parties have filed another Joint Motion [Doc. 27] pursuant to the Court's instructions at the hearing on November 20, 2017, and the telephone conference on June 19, 2018.  In support of their Joint Motion [Doc. 27], the parties filed their settlement agreement [Doc. 29] in the public record.  Accordingly, now that the parties have refiled their settlement paperwork along with a new Joint Motion, the Court

**RECOMMENDS** that the Joint Motion [**Doc. 21**] and the Motion to Seal [**Doc. 22**][3] be **DENIED AS MOOT** and that the Joint Motion [**Doc. 27**] be **GRANTED**.[4]

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Schneider v. Goodyear Tire & Rubber, Co.*, No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

In the instant case, the Court has reviewed the settlement agreement [Doc. 29] and finds that the terms therein are fair and reasonable. The Court notes that both parties are represented by counsel and that both parties acknowledge that significant bona fide factual and legal disputes exist, including as follows: (1) whether Plaintiff was exempt from the FLSA during the relevant time period; (2) the number of hours Plaintiff worked each week; (3) the method of calculating

---

[3] With respect to Defendant's Motion to Seal, as explained at the hearing on November 20, 2017, FLSA settlement agreements will not be placed under seal absent compelling reasons to do so. *See Steele v. Staffmark Investments, LLC*, No. 16-cv-2069, 2016 WL 1156744, at *5 (W.D. Tenn. Mar. 23, 2016) ("[A]ny ostensible "privacy" right that would be invaded by virtue of publishing the settlement agreement pales in comparison to both the purpose of the FLSA and the presumption of public access to any judicial document"); *Nutting v. Unilever Mfg., Inc.*, No. 2:14-cv-22339, 2014 WL 2959481, at *5 (W.D. Tenn. June 13, 2014) (noting that the "Court 'joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcome the presumption of public access'") (quoting *Joo v. Kitchen Tables, Inc.*, 763 F. Sup. 2d 643, 647 (S.D. N.Y. 2011)). The Motion to Seal did not identify any compelling reason to place the settlement agreement under seal.

[4] The Court observes that the Joint Motion [Doc. 27] was mailed to Plaintiff Cox, but no objections were filed.

9

any overtime damages; (3) whether liquidated damages would apply; and (4) whether Defendant's alleged violation of the FLSA was willful.

With respect to the calculation of overtime damages, the parties dispute whether the fluctuating workweek is applicable and how Plaintiff's salary affects the calculation of the amount of overtime paid. The parties represent that based on their calculations, the range of damages could be $0.00, if no liability were found, to $139,276.53, if Plaintiff received 100% of her estimated overtime hours at a rate of one and one-half regular rate of pay based on a salary covering 40 hours per week inclusive of liquidated damages for three years. The parties agree that given the range of possible recovery, $85,000.00 is fair and reasonable. The Trustee will receive $49,862.06, and the bankruptcy estate will be liable for the taxes due and owing on the settlement amount. *See* [Doc. 29 at 2] ("The Trustee agrees that he will be solely and ultimately responsible for paying any federal, state or other taxes that may be owed as a result of payments made pursuant to this Agreement."). The Court also observes that the parties participated in mediation and ultimately settled the case by using a mediator's assistance. Accordingly, the Court finds the settlement agreement of $85,000.00 reasonable in light of the legal and factual disputes, which would ultimately affect the recovery in this matter.

The Court further finds that Plaintiff is spared the burden of proving her claims and damages to a jury, and she is being fairly compensated with the wages of which she was allegedly deprived. Moreover, the Court finds that the settlement resolves bona fide disputes over several FLSA provisions. Accordingly, the Court finds that the parties' settlement is a "fair and reasonable resolution of [] bona fide dispute[s] over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

The Court has also reviewed the request for attorney's fees in this case. The Court finds the fee request reasonable, given the parties' healthy discovery practice, participation in mediation, the age of this case, the complexity of the bankruptcy matter, and the overall settlement amount.

Finally, the Court finds that the Trustee's participation in this matter is appropriate. As the parties have explained, once Plaintiff filed for bankruptcy, the instant matter became part of Plaintiff's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) (explaining that the filing of a bankruptcy case creates an estate that consists of "all legal and equitable interests of the debtor"). Further, pursuant to 11 U.S.C. § 704(a)(1), the Trustee is responsible for collecting and reducing to money the property of the estate. In addition, the Court finds Plaintiff's counsel's continued participation in this matter also appropriate. The Trustee used his discretion to engage the services of Plaintiff's counsel, which the bankruptcy court approved on August 3, 2017. *See* [Doc. 28-1] (Order) ("The order authorizing employment of The Employment and Consumer Law Group, LLC was entered on August 3, 2017."). The parties represent, and the Court agrees, that such representation allows the case to continue seamlessly, avoids attorney's liens being placed on the settlement or judgment proceeds, and avoids having to pay multiple attorney's fees. Finally, the parties represent that no objections have been made to Plaintiff's counsel serving in this role.

### III.     CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[5] that the Joint Motion for Approval of Comprise and Settlement [**Doc. 21**] and Defendant's Unopposed Motion to File

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v.*

Settlement Agreement Under Seal [**Doc. 22**] be **DENIED AS MOOT** and that the Joint Motion for Approval of Settlement Agreement [**Doc. 27**] be **GRANTED**. The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Plaintiff at the address provided in [Doc. 27].

    Respectfully Submitted,

    Debra C. Poplin
    United States Magistrate Judge

---

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).